# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID R. ROSENKILDE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:08CV67 LMB |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff has filed what appears to be an action under 42 U.S.C. §405(g) for judicial review of defendant's final decision denying his application for Disability Insurance Benefits under Title II of the Social Security Act. Before the Court is plaintiff's motion to proceed in forma pauperis.

Plaintiff has brought similar actions to the instant one on numerous occasions. Plaintiff previously filed applications under Title II and XVI on January 17, 1990, alleging disability beginning August 18, 1989, which were denied initially, on reconsideration, and by an Administrative Law Judge's ("ALJ's") post-hearing decision dated November 5, 1990. Plaintiff did not appeal this decision. Plaintiff filed applications under Title II and XVI on October 15, 1996, alleging disability beginning October 15, 1992. These applications were denied at the initial and

reconsideration levels, and were not pursued further.  On June 1, 2004, plaintiff filed an application for disability benefits pursuant to Title II, again alleging disability beginning May 15, 1992.  The claim was denied initially and following an administrative hearing, plaintiff's claim was denied in a written opinion by the ALJ, dated June 6, 2006.  Plaintiff filed a request for review of the ALJ's decision with the Appeals Council of the Social Security Administration, which was denied on September 27, 2006.  Plaintiff sought judicial review of the denial of benefits in this Court on November 17, 2006[1].  On March 5, 2008, the Court upheld the decision of the ALJ.

Plaintiff filed the instant action on May 5, 2008.  As grounds for filing his case, plaintiff wrote, "Social Security was denied."  Accordingly, the Court construed the action as one seeking judicial review of defendant's decision denying his application for Disability Insurance Benefits.  However, plaintiff's complaint completely lacks a statement of claim and does not describe, in any form, the action for which he is seeking review.[2]  Accordingly, it is difficult to ascertain whether plaintiff is, in fact, pursuing judicial review of a different decision of the

---

[1] Case No. 1:06CV170 LMB.

[2] To compound the Court's confusion, plaintiff filed his complaint on a court-provided general civil complaint form rather than the court-provided complaint form requesting judicial review of the decision of the Commissioner of Social Security.

Commissioner, or whether he is trying to pursue some type of review regarding the action previously dismissed on March 5, 2008.[3]

As such, the Court will hold plaintiff's motion to proceed in forma pauperis in abeyance and order plaintiff to file an amended complaint on the court-provided complaint form for social security appeals. In the amended complaint, plaintiff must set forth specific facts regarding the decision of the Commissioner that he wishes this Court to review and describe for the Court why he believes the Commissioner's decision was not based on substantial evidence. If plaintiff fails to file an amended complaint within thirty (30) days, or fails to comply with this Court's Order, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing social security complaints.

---

[3]If plaintiff is indeed trying to file some type of motion regarding the Court's March 5, 2008 decision, he should not fill out a court-provided complaint form. Rather, he should organize his thoughts on a separate sheet of paper, titling the document as he sees fit, and file it in Case No.1:06CV170 LMB.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, in addition to a copy of this Memorandum and Order, the court-provided form for filing a social security appeal.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review.

Dated this <u>15th</u> Day of May, 2008.

_Lewis M. Blanton_
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE